**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CORBETT Le GRAND,

               Petitioner - Appellant,

   v.

JAMES A. YATES, Warden,

               Respondent - Appellee.

No. 12-16085

D.C. No. 4:09-cv-00370-SBA

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted August 14, 2014
San Francisco, California

Before:    TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

    Petitioner Corbett Le Grand ("Le Grand") was convicted in California state

court of one count of sexual penetration of a minor and one count of lewd and

lascivious acts involving a child under 14. In this proceeding under 28 U.S.C. §

2254, Le Grand challenges his conviction based on ineffective assistance of trial

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The district court denied Le Grand's petition. Reviewing the district court's denial of the petition *de novo* and its factual findings for clear error, *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007), we affirm.

1.    Le Grand first contends that his trial counsel was ineffective for failing to discover his alibi for the nights the offenses occurred. The offenses for which Le Grand was convicted occurred sometime during the night of March 13 or 14, 2003, while Le Grand was on an overnight camping trip with the victim and another man. At trial, Le Grand's counsel presented as an alibi witness Le Grand's father, who testified that Le Grand was living with him during the relevant time period and was always home by 9 p.m., so that he could not have been camping with the victim on the night the offenses occurred. After trial, Le Grand came forward with a different alibi, asserting that he was living with his then-girlfriend during the relevant time period and was with her when the offenses were alleged to have occurred. He asserts that his trial counsel was ineffective for failing to discover and present this alibi at trial.

This question is beyond the scope of the Certificate of Appealability ("COA") issued by this Court; therefore, it is unreviewable. *See* 28 U.S.C. § 2253(c)(1) & (3). Even if we were to expand the COA, we would not find Le

Grand's claim to be meritorious. There is no evidence suggesting that Le Grand's attorney was aware, or had any reason to be aware, at any time before trial that Le Grand was purportedly with his then-girlfriend on the night the offenses were alleged to have occurred. Le Grand's attorney cannot be faulted for failing to discover an alibi about which his client never told him. *See cf. Luna v. Cambra*, 306 F.3d 954, 961-62 (9th Cir. 2002), *mandate recalled and reissued as amended by Luna v. Cambra*, 311 F.3d 928 (9th Cir. 2002); *Lord v. Wood*, 184 F.3d 1083, 1096 (9th Cir. 1999).

Although the state court denied Le Grand's state habeas petition without explanation, Le Grand's burden on federal habeas review remains the same. *See Harrington v Richter*, 131 S. Ct. 770, 784 (2011). Therefore, applying the doubly deferential standard of *Strickland* and the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011), we conclude "that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689).

**2.** Le Grand also contends that his attorney rendered ineffective assistance of counsel when he brought a motion for a new trial based on an alibi for the wrong night: The offenses were alleged to have occurred on March 13 or 14,

3

2003, but Le Grand's attorney submitted evidence in his motion for a new trial accounting for Le Grand's whereabouts on March 15, 2003. We need not decide whether this amounted to deficient performance under *Strickland* because, even assuming that it did, no prejudice resulted. *See Wharton v. Chappell*, 765 F.3d 953, 975 (9th Cir. 2014) (stating that where no prejudice is shown, the "court need not reach the performance prong"). Le Grand's alibi evidence would not have been grounds for a new trial because that evidence was not newly discovered.

Based on the foregoing, the judgment of the district court is **AFFIRMED.**